**BROWN v. UNITED STATES.**

No. 14299.

United States Court of Appeals
Fifth Circuit.

May 15, 1953.

Rehearing Denied June 18, 1953.

States Code, and in which the defendant put in jeopardy the life of the cashier of the bank by use of two pistols and a shot gun. Related offenses were involved, but sentences upon these were directed to run concurrently with the twenty year sentence. Brown was thereafter incarcerated in the Federal Penitentiary at Atlanta, Georgia.

On June 16, 1952, the prisoner filed a motion to vacate the sentence of the court pursuant to the provisions of Section 2255, of Title 28, U.S.C., based upon the grounds, first, that his attorney was not present at the time the sentence of the court was imposed; second, that prior to arraignment and plea he had been subjected to illegal and unconstitutional restraint by the county and city officers of specified municipalities and counties of the State of Florida, in part of which an agent of the Federal Bureau of Investigation had participated, and had been held in custody by the federal authorities from January 14th until January 15th or 16th, before he was carried before a United States Commissioner; and, third, that an agent of the Federal Bureau of Investigation had, by intimidation and coercion, secured a confession of guilt. The movant plead in detail the alleged conduct which it is claimed constituted the improper incarceration prior to arraignment, and also, the means by which his confession was claimed to have been coerced.

The judge of the trial court who had imposed sentence upon the movant ordered him brought from the penitentiary. He appeared on July 23rd and a hearing was had. The hearing was continued to July 30th, at which time the court had the movant brought before him to ascertain what witnesses he desired subpoenaed by the court in his behalf and to consider a letter he had written the court requesting the subpoena from the penitentiary of one of his co-defendants in the original charges. As to this, the court, after hearing what was proposed to be proved by this witness, denied the petition with the right to the defendant to take it up later if it developed that such testimony might be material. Another hearing was set for August 18th, to

J. B. Hodges, Lake City, Fla., for appellant.

Emory Newton Brown, in pro. per.

Matt O'Brien, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

On March 24th, 1947, appellant, Emory Newton Brown, was sentenced to imprisonment for a total term of twenty years upon his plea of guilty to the offenses of robbery of an insured bank within the meaning of Section 264(c), Title 12 of the United

afford the movant opportunity for further preparation in the case and to secure the attendance of his witnesses.

Upon this latter date, the court patiently and fairly permitted the movant to testify broadly and in detail as to all matters claimed to be even remotely material to his contentions and to elaborate his legal points in general, as well as his claims of the particular pertinence of various phases of the testimony. In all instances where the relevancy of testimony was questionable the court permitted the movant to develop his case so that the true facts might be brought to light. Among the witnesses who testified were the movant; the attorney who represented him in conducting the original case; his then wife who was present at the time his confession was made; his father, and the accused Federal Bureau of Investigation agent. Upon movant's suggestion that such agent may have molded his testimony to fit the needs of the defense to the motion, the court permitted the movant to examine the Assistant U. S. Attorney conducting the defense.

The Court made findings of fact that under the facts and circumstances of the case the movant competently and intelligently waived his right to the presence of his counsel at the time of the sentence; that the movant was not deprived of any constitutional right, and was not coerced, threatened or abused by any agent of the United States, or by the agent of the Federal Bureau of Investigation, as charged; and that no agent of the United States unlawfully searched or seized any property of the movant. No express finding was made as to the charge of illegal incarceration, for this point seems to have been abandoned upon the hearing. In any event, the movant freely conceded that he had made no incriminating statement or the questioned confession until several weeks subsequent to the improper incarceration or delayed commitment hearing. Upon its findings, the court denied the motion to vacate the sentence. The movant has appealed. Upon the argument here, movant was represented by counsel retained by his family.

We find the order of the court denying and overruling the motion to vacate the sentence imposed upon the movant to be fully supported by the record and the testimony presented upon the several hearings which the court held. As to some phases of the case there were conflicts between the testimony of the movant and the agent of the Federal Bureau of Investigation as to occurrences prior to, and at, the time the confession was made. The court's findings that the investigation and interrogation were conducted in accordance with the proper legal standards and that the confession was not procured by any improper inducements, establish that the court did not credit the testimony of the movant. While the evidence furnishes ample basis to support the court's ruling, we do not imply that the facts alleged by the movant would, even if true, constitute that coercion which would invalidate the confession or justify the vacation of the sentence. Furthermore, the confession was not in any way used in the conviction of the defendant, unless it could be said that the previous making of it prompted his entering the plea of guilty. The defendant was represented by employed counsel during the entire investigation of the case. Counsel was afforded an opportunity to be present in the meeting between the federal agent, the defendant, and his wife, at which the admission of full guilt was made and reduced to writing. He held a conference with the defendant and his wife before the agent arrived, met the agent, and thereafter voluntarily absented himself, apparently with the approval of the defendant and his wife. At no time was complaint made to the attorney that the agent had coerced the confession. The movant's claim of coercion is based substantially upon the ground that the federal agent, by the use of confessions theretofore made by his co-defendants which implicated his wife, induced him to make the confession for the purpose of enabling his wife to escape prosecution as an accomplice in the bank robbery. The court could well conclude that there was no trickery in the procurement of these confessions of the movant's co-defendants, for the record shows that the latter, like the movant, subsequently entered pleas of guilty and received sentences of 15 and 20 years respectively. The record shows no in-

fringement of legal rights of the then defendant in the events leading up to, and culminating in, the confession which he had admittedly made, and the truthfulness of which is not now challenged, but, to the contrary, expressly conceded.

The facts with reference to the absence of the defendant's counsel at the time of sentencing are not in dispute. Only the conclusion of the court that the defendant had completely and intelligently waived his right to the presence of counsel at the time of sentencing is challenged. The undisputed facts are that the defendant was represented by counsel of his selection, an acquaintance of many years. This counsel was present at the arraignment of the defendant on March 19th, 1947, and consulted with and advised the defendant at the time he entered his pleas of guilty. Two co-defendants entered similar pleas at the same time. The court announced that sentences in each of the cases would be pronounced a day certain the following week. Thereupon counsel for the movant, as found by the court from the official transcript of the proceedings at that time, "advised the court and his client of his possible inability to be present at the time of sentence, and requested the court to permit him to say what he had to say in behalf of his client at that time, and the court directly informed the movant and his counsel that the court would hear anything movant and his counsel had to say, both at that time and at the time of sentencing, and that on the date of arraignment, counsel for the movant made a lengthy plea to the court on behalf of the movant;" that movant "intelligently understood that his counsel was then making his plea to the court because of counsel's inability to be present at the time of sentencing, and movant made no objection to his counsel making his plea in his behalf at the arraignment, nor to his counsel's absence at the time of sentence, nor has he made any objection during the five years that have elapsed since the arraignment." As further found by the court, and as shown by the record, "movant made and interposed no objection to the imposition of sentence upon him by the court in the absence of his counsel, but made a plea to the court in his own behalf". It may be remarked that in this plea, the defendant freely conceded his guilt and acknowledged a number of prior experiences as a defendant in criminal proceedings in other courts which disclosed an extensive criminal record. It is apparent from the statements and conduct of the defendant in the trial court upon its consideration of his original plea of guilty and imposition of sentence, as well as the manner in which the present motion was presented, that the defendant is intelligent and informed and not at all timid in addressing the court. His counsel testified that he understood that he had the consent of both the court and his client to be absent; that there was nothing more that he could have done if he had been present, since he had already made to the court the most favorable statement which the circumstances would justify. The movant conceded that if counsel had been present he "would have gotten the same thing (sentence)." Before the court he denominated this ground of his motion "strictly a legal, technical point." We are not prepared to hold that even the unexcused absence of employed counsel under the circumstances of this case, where it is conceded that no injury resulted therefrom, would in every event require the court to vacate the sentence and reimpose another after the lapse of five years during which the defendant has already served a substantial part of the sentence. Such "relief" is sometimes illusory, for the vacation of the sentence does not deprive the court of power to impose another one. But we do not labor this point for we are of the opinion that the finding which the court made is supported by the record in this case.

The movant urges that at the time of the sentencing in 1947 he was not fully acquainted with his legal rights and has only discovered them as a result of five years study during his confinement of the authorities and the law. We find no fault with the authorities which he cites. However, the proper application of these, as of all legal principles, requires that all relevant facts be considered. In the present

case, the·trial court has, upon sufficient evidence, found the facts contrary to the movant's contentions, and the law does not avail him. The judgment is affirmed.

Judgment affirmed.