ELLIOTT R. PATTERSON, Respondent, v. LOCAV, INC., et al., Appellants.— Judgment affirmed, with costs. All concur. (Appeals from a judgment for plaintiff in a negligence action.) Present — McCurn, P. J. Vaughan, Kimball, Piper and Wheeler, JJ. [See *post,* p. 999.]

HARRIET K. PATTERSON, Respondent-Appellant, v. LOCAV, INC., et al., Appellants-Respondents.— Judgment affirmed, with costs. Appeal by plaintiff from ruling dismissed as not appealable. All concur. (Appeals from a judgment for plaintiff in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post,* p. 999.]

EMMY E. SCHNEIDER, as Temporary Administratrix of the Estate of KURT SCHNEIDER, Deceased, Respondent, v. MARGARET VAN WYCKHOUSE, Appellant. — Order insofar as appealed from affirmed, with $10 costs and disbursements. All concur. (Appeal from part of an order denying defendant's motion to dismiss a complaint for failure to prosecute.) Present — McCurn, P. J., Vaughan, Kimball and Piper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD BURGESS NICKERSON, Appellant.—Order reversed on the law and matter remitted to the Onondaga County Court for a hearing, in accordance with the memorandum. Memorandum: We believe that *coram nobis* is the proper remedy to raise the claim that defendant was insane at the time of plea within the meaning of section 1120 of the Penal Law (*Adler* v. *State,* 35 Ark. 517; *Hawie* v. *State,* 121 Miss. 197; *People* v. *Wolfe,* 114 N. Y. S. 2d 447, affd. 280 App. Div. 874). That is a question of fact not apparent of record. (*Matter of Leonard* v. *Barnes,* 280 App. Div. 1, affd. 303 N. Y. 989.) In contrast to *People* v. *Flora* (281 App. Div. 946, affd. 306 N. Y. 615), where the petition alleged the court's knowledge of petitioner's mental condition at the time the plea was received, the plea of this defendant was received by a court then uninformed of his alleged incapacity. As the record upon this application does not conclusively demonstrate the falsity of the averments of the petition, the court should have granted a hearing of petitioner's claim that he was incompetent to plead to the indictment. (*People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Richetti,* 302 N. Y. 290.) All concur. (Appeal from an order denying defendant's motion for a writ of *coram nobis.*) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

JOHN F. ROBBINS, Appellant, v. WILLIAM A. BOYER et al., Individually and Doing Business as BOYER & LYONS, Respondents.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. See opinion filed in companion case of *Robbins* v. *Boyer* (*ante,* p. 449), decided herewith. All concur. (Appeal from a judgment dismissing plaintiff's complaint in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 284 App. Div. 836.]