**James Thomas POWELL**

v.

**UNITED STATES of America.**

**Civ. A. No. 570–S.**

United States District Court
M. D. Alabama, S. D.
March 6, 1957.

Guy Hardwick, Dothan, Ala., for plaintiff.

Hartwell Davis, U. S. Atty., Robert E. Varner, Asst. U. S. Atty., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This cause was heard by the Court on February 27, 1957, at Dothan, in the Southern Division of this District.

The matter was submitted upon the oral testimony, several exhibits, and recorded stipulations between the parties.

This cause arose through a motion filed by James Thomas Powell to "Vacate Judgment and Sentence under Provisions of United States Code, Title 28, Section 2255, and Grant Leave to Withdraw Plea of Guilty in Accordance with Provisions of Rule 32–D of Federal Rules of Criminal Procedure."

Petitioner was sentenced by this Court on November 13, 1956, and or-

dered committed to the custody of the Attorney General for a period of four years after petitioner had, in open court, waived indictment and entered a plea of guilty to the information filed by the United States Attorney, charging a violation of Title 18, § 2312 of the United States Code.

Petitioner's motion is long, verbose, and, in many instances, repetitious.[1]

1. "The grounds of this motion are: 1. There was no federal offense committed, as alleged in the Bill of Information. 2. The said plea of guilty to the said Bill of Information was not intelligently and competently entered, as required by law, due to the defendant's mental incompetency. 3. The said plea of guilty was entered under coercion and misleading advice.

"Statement of Facts—1. (A) On or about November 13, 1956, in the United States District Court, Middle District of Alabama, Southern Division, Dothan, Alabama, the defendant entered a plea of guilty upon a Bill of Information, charging that on or about May 14, 1956 defendant did transport in interstate commerce from Dothan, Alabama to Tallahassee, Florida, a stolen Motor Vehicle, knowing same to have been stolen. (B) The said vehicle was not taken outside of the State of Alabama, and was not transported in interstate commerce, as alleged in the said Bill of Information. On the contrary, the said vehicle was returned to the owner in Pine Hill, Alabama, in the same state of Alabama in which it was allegedly stolen. (C) Consequently, this Honorable Court was without jurisdiction to impose said sentence, due to the fact that the said vehicle was not transported across any state line and no federal offense was committed. (D) On or about May 14, 1956 the said motor vehicle was taken from Dothan, Alabama and transported to Pine Hill, Alabama, by the defendant. (E) In Pine Hill, Alabama the defendant contacted two (2) personal friends, namely, Mrs. L. M. Sheffield of Pine Hill, Alabama, and Dr. Nettles, a Medical Doctor of Arlington, Alabama, and the said Dr. Nettles, by telephonic communication with the owner of said vehicle, Mr. Marcellus Spann of Dothan, Alabama, and with the Chief of Police in Dothan, Alabama, did arrange for the satisfactory return of the said vehicle and reimbursement for all damages thereto. (F) It was the studied and professional opinion of the said Dr. Nettles that at the time the vehicle was allegedly stolen and transported to Pine Hill, Alabama the defendant was mentally insane and incompetent and unable to distinguish between right and wrong. Consequently, the said Chief of Police in Dothan, Alabama agreed not to prosecute the defendant. (G) However, had the defendant been prosecuted in connection with the said vehicle that prosecution would have properly taken place in a State Circuit Court of the State of Alabama, and not in a federal court, as the vehicle was not taken outside of the State of Alabama and no federal offense had been committed.

"2. (A) On or about July 13, 1956 defendant was committed to the Alabama State Hospital for the Mental Insane in Tuscaloosa, Alabama and was declared to be insane and incompetent at the time that the alleged offense was alleged to have been committed. (B) On or about August 24, 1956 the defendant's wife, Mrs. Faye Wilkinson Powell, demanded that defendant be released from said hospital, and in order to obtain this release defendant's wife signed a statement, in the presence of Dr. J. S. Tarwater, Superintendent of said Hospital, in which she acknowledged:

"1. Defendant was being released only as an experiment and is to be considered as a patient-at-large. 2. Defendant was, and still is, insane and incompetent and in need of further treatment. 3. Defendant was being released contrary to the judgment and advice of the doctors. 4. That she would be entirely and legally responsible for defendant's actions for the next six (6) months. 5. That, should it become necessary to have defendant returned to the hospital within six (6) months she would pay all expenses of that return and be liable for all claims against him.

"(C) Therefore, the said plea of guilty was not intelligently and competently entered, as required by law, due to the fact that the defendant was mentally insane and incompetent, both at the time the said plea of guilty was entered, and at the time the alleged offense was allegedly committed, and the defendant according to law was not capable of intelligently and competently entering said plea of guilty.

"3. (A) On or about October 20, 1956, in Dothan, Alabama, defendant was arrested and interrogated by Mr. John W. Lill, Jr., a Special Agent of the Federal Bureau of Investigation, in connection with an alleged violation of the White Slave Traffic Act. (B) On or about October 22, 1956 the said John W. Lill,

The facts are not complicated; the only controverted ones are those rendered so by the oral testimony and the sworn motion of Powell. In this connection, the Court feels compelled at the outset of this opinion to observe that the attitude, conduct, and demeanor of this man—his obvious reluctance to tell the truth regarding any matter that might prejudice his claim—make it difficult for this Court to attach any credibility to his testimony.

This Court now finds that the facts preceding and giving rise to this litigation are as follows:

On or about May 14, 1956, Powell stole an automobile in Dothan, Alabama, and, after several days and through the intervention of friends, it was returned to the owner. No prosecution was then instituted for this offense by either the State or the Federal authorities. On or about the 20th of October, 1956, Powell was apprehended by the City police at Dothan, Alabama, for investigation, and on October 22, 1956, John W. Lill, Jr., Special Agent, Federal Bureau of Investigation, instituted criminal proceedings against Powell for a violation of the Federal laws. This proceeding was instituted by Lill's signing a complaint before the United States Commissioner, charging a violation of § 2421, Title 18 of the United States Code (White Slave Traffic Act). Powell was then taken into Federal custody, and on the 22nd ap-

peared before the Commissioner, waived his right to counsel and a preliminary hearing. At or about the same time, Agent Lill advised Powell that he was also awaiting prosecution for a violation of § 2312, Title 18 of the United States Code. It seems this agent's investigation indicated that Powell had taken the automobile that he had stolen on May 14, 1956, in Alabama, over into the State of Florida and probably into the State of Georgia.

On or about November 1, 1956, at the request of Powell, this Court, by written order, appointed the Honorable Alto V. Lee, III, an experienced and highly competent practicing attorney of Dothan, Alabama, to represent Powell on the charges of "violation of 18 U.S.C. 2312 and 18 U.S.C. 2421."

At the regular arraignment and "consent" docket (held for the convenience of those who wished to have their cases disposed of by waiver of indictment and plea of guilty) held in Dothan on November 13, 1956, Powell and his court-appointed attorney, Mr. Lee, appeared at Powell's request before the Court; the United States Attorney, the Chief Probation Officer and others having been previously informed by Powell that he desired to waive indictment and enter a plea of guilty to a violation of § 2312. Attorney Lee had not prior to this date discussed these matters or this case with Powell.

Jr. filed a complaint before the United States Commissioner in Dothan, Alabama, charging that on or about October 8, 1956 defendant did transport in interstate commerce from Laurel, Mississippi to Dothan, Alabama, a woman, Faye Wilkinson Powell, for the purpose of prostitution. Said Faye Wilkinson Powell being the wife of the defendant. (C) The said John W. Lill, Jr., being aware defendant was gravely concerned over the reputation of said wife, did threaten to prosecute defendant for the alleged violation of the White Slave Traffic Act and thereby create a public scandal, socially disgrace, and do irrepairable damage to the reputation of defendant's wife, if the defendant did not agree to plead guilty to the said Bill of Information. (D) Before entering the said plea of

guilty on or about November 13, 1956, defendant consulted his court-appointed counsel, and therein declared his innocence, but said counsel advised defendant to enter a plea of guilty because in view of defendant's criminal record it would be ridiculous to take the case to trial and attempt to win an acquittal. Said counsel further advised defendant that the United States Attorney had agreed to dismiss the White Slavery charge if defendant would enter a plea of guilty to the said Bill of Information. (E) Therefore, the said plea of guilty is null, void, and invalid, because it was entered under the coercion and misleading advice of said John W. Lill, Jr., the United States Attorney; and the defense counsel."

At this appearance before the Court, Powell and his attorney received a copy of the proposed information, conferred privately for thirty or forty minutes, and during this conference Powell advised Attorney Lee that he (Powell) was guilty of the Motor Vehicle Theft Act charge and it was agreed that the proper and wisest thing for Powell to do was to enter a plea of guilty to that charge. During this conversation, Attorney Lee advised Powell that the United States District Attorney had agreed to dismiss the White Slave Traffic Act charge if Powell entered a plea of guilty to the Motor Vehicle Theft Act charge.

In a conference between the United States Attorney and Attorney Lee, it was agreed that the White Slave Traffic Act charge would be dismissed after the plea of guilty was entered to the Motor Vehicle Theft Act charge.

Upon defendant Powell and his attorney returning to the courtroom, the waiver of indictment and plea of guilty followed.[2]

■ In connection with this representation of Powell by his court-appointed attorney, this Court finds that Powell was ably, conscientiously, and competently represented. There was no evidence that counsel lacked knowledge of either the facts or of the law. Shortness of time that counsel spends with a defendant will not in and of itself amount to a violation of defendant's constitutional rights. United States v. Wight, 2 Cir., 176 F.2d 376, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586. Also Yodock v. United States, D.C.Penn., 97 F. Supp. 307.

■ As to this aspect of the case, the Court finds Powell entered his plea of guilty after being intelligently and competently advised; he was not misled, coerced, threatened, promised or induced by his attorney, any investigating agent, governmental counsel or anyone else. The facts are to the contrary. Powell was before the Court at this time at his own request. He was throroughly familiar with such proceedings, knew from experience the import of waiving indictment and entering a plea of guilty since he had been through similar proceedings several times before.[3] See Brown v. United States, 5 Cir., 204 F.2d 298, cer-

2. "The Court: The proposed charge against you is interstate transportation of a stolen vehicle. At your request, Mr. Powell, I appointed Mr. Alto Lee, Attorney, to represent you in this case, and you have conferred with him regarding the charges, have you not? A. Yes, sir.

"The Court: Are you ready to proceed? A. Yes, sir.

"Mr. Lee: He wishes to waive formalities and plead guilty to the information. "The Court: Let me explain to him so that the record may reflect it. Mr. Powell you have a right under the law to have this matter presented to a federal grand jury, to be investigated by them, so they may determine whether you are to be prosecuted under this charge of violating the federal laws. Do you understand that? A. Yes, sir.

"The Court: It is not necessary to have the matter before a federal grand jury, you can waive the matter going before a federal grand jury and be proceeded against by what is referred to as an information. That is nothing more than a statement of the charges by the District Attorney. It is the same charge that a grand jury would charge in an in-

dictment, if they indicted you. Do you understand that? A. Yes, sir.

"The Court: Do you elect to have your case presented to a grand jury, or do you wish to be proceeded against by information? A. I wish to be proceeded against by information.

"The Court: Let him sign the waiver. "Mr. Davis: Sign here.

"The Court: Has a copy of the information been served on the defendant? "Mr. Davis: Yes, sir.

"The Court: Mr. Powell, do you understand what you have been charged with? A. Yes, sir.

"The Court: Are you guilty or not guilty? A. I am guilty.

"Mr. Davis: I would like to dismiss the charge pending against this defendant for alleged violation of the Mann White Slave Traffic Act, and ask the Court's approval.

"The Court: The Court approves."

3. March, 1945, grand larceny, indefinite sentence; December 2, 1947, burglary, 2 years; January 20, 1950, N.M.V.T.A., 1 year and 6 months; May 22, 1951, N.M.V.T.A., 3 years.

tiorari denied, 346 U.S. 925, 74 S.Ct. 314, 98 L.Ed. 418. Also see Shelton v. United States, 5 Cir., 242 F.2d 101. The case now before the Court is readily distinguishable from the Shelton case since here Powell had counsel who intelligently advised him and therefore the Ex parte Von Moltke case, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, upon which the Shelton case rests, is not applicable.

This petition was filed with this Court on December 17, 1956, and since petitioner charged court-appointed Attorney Lee with misleading him in inducing the plea and at Powell's request, this Court on December 28, 1956, appointed, by written order, the Honorable Guy Hardwick, another highly competent and experienced practicing attorney, to represent Powell. Upon proper motion and affidavit, the proceeding was allowed, pursuant to the provisions of Title 28, § 1915 of the United States Code, to be without the prepayment of fees and costs and the witnesses for petitioner to be subpoenaed and to attend at the expense of the Government.

■ During the hearing, the Court permitted certain evidence concerning the question of whether the stolen automobile was actually transported in interstate commerce on the theory that if no Federal offense was committed (and this was alleged in the petition) the Court was without jurisdiction to impose the sentence. United States v. O'Carter, D.C., 91 F.Supp. 544. See also Shobe v. United States, 8 Cir., 220 F.2d 928. Only recently in Pollard v. United States, 77 S.Ct. 481, 484, the Supreme Court of the United States in reviewing a conviction and sentence, as provided in this § 2255, stated:

"The determination of guilt and the sentence are essential for imprisonment."

In this connection, the Court not only finds that the automobile petitioner stole in Alabama in May, 1956, was transported by him to the State of Florida, but also finds that petitioner voluntarily confessed to this offense—both orally and in writing—to at least two investigators.

Furthermore, petitioner told several of the other witnesses, who were not employees of the Government, that he had stolen and driven this automobile into the State of Florida. There is, therefore, no merit in this aspect of the motion.

■ The remaining complaint of petitioner Powell is to the effect that the plea of guilty, the judgment pronounced thereon and the sentence imposed should not stand since "the defendant was mentally insane and incompetent, both at the time the said plea of guilty was entered and at the time the alleged offense was allegedly committed * * *."

In this connection, the Court finds that Powell was on July 13, 1956, committed to the Alabama Hospital for the Insane by the Probate Judge of Clarke County, Alabama. It should be noted that this commitment was after Powell had criminally attacked his brother's wife and also threatened his brother. The commitment was upon the medical testimony of Dr. James D. Nettles, a general practitioner in Wilcox County, Alabama. This testimony was as follows:

"It is my professional opinion that James Powell is a schizophrenic and that his actions are unpredictable and that he would be dangerous if left unattended in our society and I believe that the psychiatric examination should be given him before he is recommitted to a penal institution."

Dr. Nettles appeared before this Court and testified orally that, in his judgment, Powell was, at or about the time he was committed to the hospital, suffering from a "compulsive neurosis"; that he (Dr. Nettles) used the word "compulsive" as meaning a "nervous drive or temperament to do some act." This Court finds from the records of the Alabama Insane Hospital that Powell, after having been subjected to extensive study by at least eight qualified psychiatrists, was discharged from the hospital on August 24, 1956, with the diagnosis "sociopathic personality disturbance; antisocial reaction." All of these doctors agreed on August 23, 1956, that Powell should be re-

leased from the hospital. The Court finds at best (or worst) that this patient was at this time suffering from a personality disorder, poor emotional control, impaired tolerance, frustration, and feeling of hostility toward others.

After Powell filed this petition with this Court, he was subjected to a neuro-psychiatric examination on January 22, 1957. At the instigation of the Director of the Bureau of Prisons, this examination was conducted in the Atlanta Penitentiary by Dr. Harry R. Lipton, Consultant in Psychiatry. A diagnosis was then made of "constitutional psychopathic state, inadequate personality, without psychosis." This psychiatrist observed:

> "No delusional material, hallucinatory experiences, suicidal thoughts or tendencies or other evidence of a psychosis can be elicited. He is correctly oriented and his comprehension and memory are fairly good. Abstract reasoning and judgment show no gross defects. Personality studies show him to be impulsive, aggressive and emotionally immature and unstable."

If there was any presumption that arose as a result of the Probate Judge of Clarke County, Alabama, committing Powell to the insane asylum, it was overcome by the diagnosis of the several doctors at that institution, the medical testimony of Dr. Nettles, the testimony of lay witnesses and the testimony of Powell himself. On the trial of this case he was subjected to a searching and very thorough cross-examination. This Court was impressed that he, when he desired, recalled the most minute details leading up to and concerning the offense for which he entered his plea of guilty. Petitioner's evidence in support of this phase of his petition does not even come close to that definition of insanity as made by the Supreme Court [4] and as followed by this Circuit in Howard v. United States, 5 Cir., 232 F.2d 274.

Petitioner's motion, therefore, also fails on this ground.

This Court specifically finds that it had jurisdiction of the case styled United States of America v. James Thomas Powell, Criminal Case No. 1791–S, wherein Powell entered a plea of guilty before this Court on November 13, 1956. Further, that Powell entered his plea of guilty to the offense charged therein freely, voluntarily, and without coercion, intimidation, or misleading advice from anyone. There was no "bargaining and barter" here that induced Powell's plea as was found to exist in the Shelton case, supra. Lastly, petitioner Powell was at the time the offense was committed, at the time the plea was entered and judgment and sentence pronounced thereon, and at the time of this hearing, mentally competent.

This Court therefore concludes that there was no manifest injustice insofar as Powell is concerned, as a result of his waiving indictment, entering the plea or receiving the sentence pronounced thereon; that none of his constitutional rights were denied or infringed as alleged by him.

It therefore follows that Powell is entitled to no relief under his motion and said motion is hereby denied.

---

4. Davis v. United States, 165 U.S. 373, 17 S.Ct. 360, 362, 41 L.Ed. 750: "'The term "insanity," as used in this defence, means such a perverted and deranged condition of the mental and moral faculties as to render a person incapable of distinguishing between right and wrong, or unconscious at the time of the nature of the act he is committing, or where, though, conscious of it, and able to distinguish between right and wrong, and know that the act is wrong, yet his will—by which I mean the governing power of his mind— has been otherwise than voluntarily so completely destroyed that his actions are not subject to it, but are beyond his control'".