John J. Walsh, J.
On June 15, 1959, defendant petitioner filed an application in the nature of a writ of error coram nobis alleging that he was convicted in the Oneida County Court for violation of section 2010 of the Penal Law, rape, second degree, and as a second offender pursuant to sections 1941 and 1942 of the Penal Law on the 24th day of February, 1944.
A previous application to vacate the 1944 conviction on the basis of alleged errors was denied. (People v. Brandan, 17 Misc 2d 830 [1959].)
The defendant petitioner now contends that his conviction in 1944 as a second offender is a nullity, as the first conviction for grand larceny, second degree, on the 1st day of March, 1939 should be vacated and set aside.
The alleged errors upon which he seeks his relief are:
1. He was not advised of his right to counsel of his own choice but was assigned counsel by the court which was accepted by the defendant under the impression that only court-assigned counsel could be used for his defense.
2. He was not asked if he desired counsel and the record shows he did not request counsel and the court had no right to assign counsel to him.
3. That the court-assigned counsel was incompetent, had not participated previously in a felony trial and did not fully protect petitioner’s rights.
4. That the jury which returned the verdict was not a full jury and the clerk did not comply with section 433 of the Code of Criminal Procedure to establish the presence of a full jury by calling their names.
5. That the clerk failed to comply with section 451 of the Code of Criminal Procedure.[1]
6. That at the time of the alleged crime on November 17-18, 1939, he was a mental patient and was therefore mentally incom *479 petent before and at the time of the alleged crime[2], and at the time of his arraignment in January, 1939.
7. The 1939 conviction was obtained by the prosecution by fraud and perjury of a People’s witness.[3]
The errors claimed by the defendant petitioner fall into four general categories:

Lack of Adequate Representation by Counsel

There is no claim that defendant petitioner was without counsel but that the assignment of counsel was improperly made and was inadequate.
Defendant petitioner claims that he was not advised of his right to counsel of his own choosing and accepted a court-assigned attorney only because he misunderstood his rights.
It is fundamental that the court may not deprive a defendant of the right to an attorney of his own choosing and where he has appeared by his own lawyer the court has no right to assign counsel at any stage of the proceeding. (People v. Price, 262 N. Y. 410, 413 [1933].) Coram nobis, however, is not available where the claim is that defendant misunderstood the rights outlined by the court. The petitioner’s “personal interpretation of the advice he was given by the court is not a good ground to grant the relief sought [coram nobis] ” (People v. Crimi, 278 App. Div. 997, affd. 303 N. Y. 749).
The defendant claims in addition, that he was not specifically informed that he had a right to counsel of his own choosing. Not only is there a presumption of regularity attending such proceedings, but the presumption is not overcome by the statement of the defendant in view of the fact that the record demonstrates that defendant was informed of his rights by the presiding Judge. The clerk’s minutes attached to the petition state under date of January 28, 1939 under the name of the defendant: “ Grand Larceny 2nd deg. Viol. Sect. 1293A. The defendant is duly arraigned and pleads not guilty ’ ’ together with the name of assigned counsel. The words 1 ‘ duly arraigned ’ ’ take on added meaning particularly when coupled with the name of an assigned counsel.
*480 The Judge’s personal minute hook kept in his own handwriting under the same date and name of defendant discloses “ arrgd indict grd Larc. 2nd deg (1293a). Inform rts. Mother written must be present.”
Finally, there is no showing that defendant was prejudiced in any way by the assignment of counsel nor that he protested at any time during the course of the proceedings nor until 20 years after upon this application.
This belated claim is worthy of very little consideration by this court and even less consideration should be given to the alleged incompetency of counsel.
11 Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant, the presumption is that such counsel is competent. * * * The. constitutional requirements have been met as to the necessity for counsel.” (United States v. Ragen, 166 F. 2d 976, 980 [C. C. A. 7th, 1948].)
The petition contains not a single statement of fact in support of this contention. The allegation that counsel had never before participated in a felony trial, even if true, is no proof of incompetence. Court-assigned attorneys have always upheld the highest traditions of the Bar and the clerk’s minutes themselves attest to the fact that counsel made the usual and customary motions on behalf of the defendant and spent two days without compensation in the trial of the case before a jury.
This contention is rejected. (See People v. De Bernardo, 199 Misc. 563 [1950]; People v. Baldwin, 15 Misc 2d 431 [1956], motion denied 7 A D 2d 629.)

Alleged Improper Recording of the Verdict

Defendant petitioner claims that the record does not show compliance with the provisions of section 433 of the code, providing, in part that when the jury have agreed upon a verdict, they must be conducted into court and “ [t]heir names must then be called, and if all do not appear, the rest must be discharged without giving a verdict.”
Defendant also claims that the record does not show that section 451 of the code providing that when the verdict is given,
‘ ‘ the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict.”
It is fundamental that coram nobis does not lie if the error appears on the face of the record (with the exception of a failure to inform a defendant of his right to counsel) and this rule has been applied to alleged failures to comply with sections 433 and *481 451 of the Code of Criminal Procedure. (People v. Allgood, 2 A D 2d 931 [3d Dept.] ; People v. Schoenfeld, 1 A D 2d 897 [2d Dept.], affg. N. Y. L. J., Aug. 30, 1955, pp. 8-9.) These two contentions are rejected.

Mental Incapacity

Defendant’s claim of mental incompetency at the time of the commission of the crime and his arraignment cannot be urged upon this application some 20 years later.
Petitioner argues that he is entitled to a hearing on this issue under People v. Nickerson (283 App. Div. 854).
While it is true that coram nobis is the proper remedy to raise the claim that defendant was insane at the time of plea (People v. Nickerson, 283 App. Div. 854, supra) there is no evidence that the appellate courts take the same view where the claimed insanity existed at the time of the commission of a crime and upon an arraignment and plea of not guilty.
The question of defendant’s alleged insanity could have been raised upon the trial, and upon defendant’s arraignment for judgment (Code Grim. Pro., § 481). Under the circumstances in this case, the writ of error coram nobis may not be invoked. (People v. Codarre, 285 App. Div. 1087.)

Perjured Testimony

Petitioner finally claims that a People’s witness, one Mary DePalma testified on the trial that she stayed in a hotel room at Old Forge, New York with petitioner; she sleeping in the bed and he in a chair. He further claims that this testimony was untrue and the Assistant District Attorney knew it was untrue and permitted such testimony to impress the jury of the good moral character of the witness whereas in truth and fact they slept together in the bed. The only evidence to support this allegation is defendant’s affidavit ostensibly relating a conversation had by him with the said witness after his release from Elmira.
Defendant claims that such testimony was known to the prosecutor to be false and was permitted for the purpose of impressing the jury of the good moral character of the witness.
WThile it is true that coram nobis is available where a defendant claims the use of perjured testimony unknown to the court which might have resulted in a different verdict, it is also true that the perjury must be material. Although defendant was tried on a charge of larceny, the alleged false testimony might have affected the credibility of a witness and thus have been material.
*482 Unlike People v. Kosloski (281 App. Div. 890) wherein a hearing was ordered, the papers submitted are insufficient to raise an issue of fact requiring a hearing. The only affidavit in support of this claim is one by defendant in which he relates conversation with the witness not under oath at the time. The papers being insufficient, no hearing is necessary.
The applications are in all respects denied. The District Attorney is directed to enter an order to this effect and to serve a certified copy thereof, together with copies of his answering-affidavits on the defendant petitioner.

. This assignment of error was by an amendment to the petition filed June 18, 1969.

. On July 20, 1959 petitioner moved for reargument of Ms previous application to set aside the 1944 conviction on this same ground expanded to include a claim of mental incompetency at the time of his arraignment in January, 1939. The motion for reargument is denied and this application will he deemed amended to include the claim of incompetency at the time of the 1939 arraignment.

. This alleged error was set forth in a new and separate application for a writ of error coram nobis filed June 25, 1959. These two applications will be considered for determination herein.