■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT JOHN KOUSCH, JR., Appellant.— Order unanimously reversed and proceeding remitted to Jefferson County Court for a hearing. Memorandum: In May, 1951, defendant was indicted for assault, second degree, with intent to commit the crime of rape. The defendant waived the right to a jury trial and was convicted following a trial before the court. Thereafter the court in an apparent attempt to comply with section 2189-a of the Penal Law directed a psychiatric examination. Of course, pursuant to that section, the report to be submitted by the examiners should have been one including " all facts and findings

necessary to assist the court in imposing sentence." The examiners made a report that defendant was insane. Thereupon, an order was made committing defendant to Matteawan State Hospital with directions that he be returned if later he became sane. (Cf. Code Crim. Pro., § 662-b.) Some months later defendant was returned upon a certification that he had regained his sanity and then, instead of retrying the defendant, the court sentenced him to Elmira Reformatory for a term of not less than one day and not more than his natural life. Subsequently, for reasons unnecessary here to explore, that sentence was invalidated and defendant was again sentenced to an indeterminate term of 2½ to 5 years in prison. Defendant is now serving a sentence imposed upon a subsequent conviction. He sought relief by way of *coram nobis* seeking to vacate the first judgment of conviction. His application was denied without a hearing. In our opinion, this was error and appellant should be given a hearing to determine his mental condition as of the time of the trial (cf. *People v. Nickerson,* 283 App. Div. 854). The record before us does not conclusively demonstrate that defendant's allegations are false (*People v. Guariglia,* 303 N. Y. 338). To the contrary the record discloses that within eight days after the trial the court had before it a report finding that defendant was insane. Moreover, before the trial commenced the court apparently was alerted to defendant's mental condition. From the prosecutor's brief we learn that prior to trial defense counsel submitted proof from a psychiatrist that appellant was mentally ill. The trial proceeded because the District Attorney produced an affidavit stating that while the defendant was not mentally ill "he was a psychopath and could readily become mentally ill." The remedy of *coram nobis* is available to defendant. (*People v. Smyth,* 3 N Y 2d 184, 187; *People v. Boehm,* 309 N. Y. 362, 366, 367.) If he was tried and convicted while insane, then the judgment of conviction should be vacated. The order appealed from should be reversed and the proceeding remitted for a hearing at which counsel should be assigned, if requested. (Appeal from order of Jefferson County Court denying defendant's application for writ of error *coram nobis*.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.