J. Irwin Shapiro, J.
The defendant Carmine Louis Francis Pirone moves in the nature of a writ of error coram nobis for an order vacating the judgment of conviction entered against him in this court on December 28, 1951.
He contends: (1) That the Assistant District Attorney promised his counsel that the sentence to be imposed upon him would not exceed four years if he plead guilty; that he did plead guilty and was sentenced to a longer term; (2) that the Assistant District Attorney threatened to “ bury ” petitioner’s codefendants if the petitioner did not plead guilty, and that his codefendants urged petitioner to sacrifice himself for them, otherwise they would act together against his interests; (3) that when petitioner attempted to make his position clear to the court, his attorney stopped him and advised him that the Assistant District Attorney would withdraw his promise of a four-year maximum sentence if he continued with his negative answers; and (4) that his counsel was inexperienced.
We shall discuss each of these contentions seriatim.
(1) If in fact petitioner’s attorney were told by the Assistant District Attorney that the defendant’s sentence would not exceed *126 four years and the defendant plead guilty in reliance thereon, he would be entitled to relief. However, he nowhere contends that any such promise was made to him personally by the Assistant District Attorney. His assertion is that his own lawyer told him that such a promise had been made. That attorney is alive, he has an official position with the State government, and of course his present whereabouts are known.
Under such circumstances before a hearing is ordered on an application for a coram nobis writ, an affidavit from his erstwhile lawyer should be obtained “as a minimum earnest of good faith to justify the granting of a hearing.” (People v. Scott, 10 N Y 2d 380, 382, decided Dec., 1961.)
(2) The assertion that the Assistant District Attorney threatened to “bury” defendant’s co defendants if defendant would not plead guilty and that his codefendants urged defendant to sacrifice himself for them, for otherwise they would act together against his interests, is not a ground for invoking coram nobis. The first part of the contention is not that the Assistant District Attorney made any threats to the moving defendant but rather that the threats ran against petitioner’s codefendants. Therefore, even if the assertion is true, the determination to plead guilty was deliberately made by the defendant to help his codefendants. He may not now retreat from the course thus intentionally chosen. As the court said in Kent v. United States (272 F. 2d 795, 798-799) where one of the defendant’s contentions was that his plea of guilty was coerced because he was told that if he did not plead guilty other parties would be prosecuted,
“ We are not prepared to say that it can be coercion to inform a defendant that someone close to him who is guilty of a crime will be brought to book if he does not plead. If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it if he is dissatisfied with his sentence, or with other subsequent developments. Cf. Brown v. United States, 5 Cir., 1953, 204 F. 2d 298, 300-301 certiorari denied 1954 346 U. S. 925 * * *.
“ Petitioner must show that he was subjected to threats or promises of illegitimate action. Statements that other guilty parties will be prosecuted if he does not plead are not of that description ”.
The .second part of the contention that defendant plead guilty because his co defendants were going to testify against him appears to be true, for at the time of taking his plea he told the court that: “I am only accepting this plea because Blasi and D’Amato feel that they cannot get a plea unless I take a *127 plea too ... And, if I did not take the plea, they would go on the stand and testify against — to my guilt and that is the only reason I am taking the plea. With the evidence of Blasi and D’Amato, I have no alternative but to take the plea.”
A further colloquy at the time reveals the following:
‘1 The Court: The Court and the District Attorney were not parties to your pleading or not pleading. The Court is not interested in anything but protecting your rights, and it now remains for you to say what you want to do through your counsel.
“ Deft. Pirone: Your Honor, I understand that. Now, if I may say so, the District Attorney just previously had said that the only way Blasi or either Blasi or D’Amato can take a plea is only if the three defendants take a plea. Now, in order for them to help themselves, they want to crucify me. I have no alternative, but I take the plea.”
Despite his .statement that “ I have no alternative ” he did have an alternative; he could have stood trial and by cross-examination shown the falsity, if such it was going to be, of his codefendants’ testimony against him. His choice was not to stand trial, but to plead guilty. It must be assumed that he did so because he felt that he could not overcome the weight of his codefendants’ testimony against him. His was a deliberate decision and he may not now avoid the effects thereof 10 years later, when the witnesses against him may no longer be available.
(3) Another assertion of the defendant is that he was unable to make his claim of coercion clear to the court because he was stopped by his attorney. The foregoing quotation from the record shows that there is no factual support for the contention by the defendant that he was unable to make his point to the court. “ The defendant is not entitled to a hearing on charges lacking factual support ”. (People v. White, 309 N. Y. 636, 641.)
(4) The last contention of the defendant in seeking to obtain a writ coram nobis is that his counsel was inexperienced. Defendant was represented by retained counsel. Even if this were not the case and if counsel had been assigned to him by the court his present dissatisfaction with such services or with the advice then allegedly given to him is not encompassed by coram nobis (People v. Tomaselli, 7 N Y 2d 350; People v. Brown, 7 N Y 2d 359; People v. Speditz, 285 App. Div. 940; United States v. Parrino, 212 F. 2d 919); nor is the alleged inexperience of counsel a sound ground for the vacatur of the judgment of conviction. Even if his counsel had “ never before engaged in a criminal proceeding ’ ’ this in and of itself would not entitle him to another day in court. (People v. Brandau, 19 Misc 2d 477,
*128 19 Misc 2d 132.) The basic contention here is that the plea of guilty resulted from counsel’s inexperience and his advice that the most likely sentence would be heavier if defendant did not plead guilty. This is no ground for coram nobis, for the acceptance of such advice by defendant does not deprive him of due process. (Diggs v. Welch, 148 F. 2d 667, cert, denied 325 U. S. 889.) It is only where the advice of counsel was so fundamentally erroneous as to constitute a deprivation of defendant’s basic rights (People v. Codarre, 10 N Y 2d 361) or where counsel’s “ representation was such as to make the trial a farce and a mockery of justice ” (People v. Brown, supra, p. 361) that the court is justified in setting aside prior proceedings.
In People v. Tomaselli (7 N Y 2d 350, supra) the court was dealing with an application for a writ of error coram nobis where the defendant, then 16 years old, was charged with second degree forgery. Counsel was assigned to him by the court. ■His assigned attorney “ advised the plea 10 minutes after he had been assigned ” yet the court held (p. 355) that that “ does not mean that the representation was perfunctory or ineffectual or a sham, or that the court was bound to treat it as such ’ ’. After analyzing the facts the court concluded (p. 356) that ‘ ‘ In short, there is denial of effective representation of counsel only when the representation given is so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of it and correct it ’ ’.
In this case the rule should be more stringently applied, if necessary, because the one who represented the defendant was of his own choosing. However, assigned or retained, there is nothing in the record here to warrant even the slightest inference that the petitioner’s counsel was lacking in competence or adequacy or that the defendant was not fully aware of his rights or that he was in any way frustrated in their exercise.
The resurrection of coram nobis within the last two decades has clearly shown its usefulness and that it has a proper place in the judicial arena. However, it has become more and more utilized by defendants who have no proper basis for its application and who utilize it as a vehicle to attempt to obtain a trip from their place of incarceration to the court. This appears to be one of those cases. It is entirely lacking in any legal or factual merit. There is here, as a matter of law, no dispute of fact which entitles the defendant to a hearing. (People v. Richetti, 302 N. Y. 290; Rice v. Olson, 324 U. S. 786.)
The application is therefore in all respects denied.