Jack Rosenberg, J.
The People’s motion here raises a question which, so far as this court’s research can discover, is a novel one. The motion is to relieve counsel for the defendant, Marrero, who is charged in indictment No. 1656/74 with acting in concert in this homicide of one Hector La Salle. That indictment was filed on June 27, 1974. The People’s motion seeks relief of Marrero’s chosen counsel on the ground that his acting in this capacity will necessarily involve him in a conflict of interest between that of his client Marrero and that of his clients Felix and Angel Vasquez who are the subjects of indictment Nos. 2995/74 and 2996/74 charging them with homicide.
It appears that Marrero had first retained the same attorney in June, 1973 to defend him when he was the subject of another unrelated indictment and that when the instant *564 indictment was filed Marrero retained counsel to defend him in that matter. Thereafter the attorney filed a notice of appearance therein and appeared on Marrero’s behalf at the defendant’s arraignment thereon on October 9, 1974. Prior to that date Marrero had, without the knowledge of his defense counsel, co-operated with the prosecutor by providing information with respect to a double homicide which was unrelated to that which resulted in indictment No. 1656/74, Marrero’s cooperation led to the indictment of Felix and Angel Vasquez. Thereafter, on January 26, 1976 the Vasquezes retained the same attorney to defend them in indictment Nos. 2995/74 and 2996/74. He duly filed his notice of appearance in those matters on February 27, 1976 after an associate in his office had interviewed the Vasquezes in connection with those indictments on the preceding day, February 26, 1976.
In his papers opposing the People’s motion, Marrero’s defense counsel avers: First, that until May 3, 1976 he had neither read the notes of the February 26 interview nor personally discussed any matters with the Vasquezes. Second, that he was unaware of any connection between the Vasquezes and the defendant, Marrero, until he was informed by the People that Marrero had testified in the Grand Jury proceedings involving the Vasquezes. Third, that as defense counsel for the Vasquezes he had not received any discovery material concerning their case. Fourth, that his reading of the notes of the interview with the Vasquezes has led him to conclude that there is no connection between the defense of Marrero and the defense of the Vasquezes. Fifth, that on March 27, 1976 the subject defense counsel was formally substituted in regard to indictment Nos. 2995/74 and 2996/74, after having relieved himself at the court’s suggestion. Sixth, that on May 16, 1975 in a conference in Part 12 of this court (Lowe, J.) held with respect to the pending indictment of Marrero, the People allegedly offered a plea which they now refuse to honor. Seventh and last, that although the People wish to use Marrero as a witness for the prosecution in the Vasquez trial, his defense counsel refuses to permit such use of his client by the People prior to the final disposition of the indictment under which he is charged (No. 1656/74). In this connection it must be noted that Marrero’s counsel claims that the People engaged in coercion and fraud in order to obtain his Grand Jury testimony.
*565 It is well settled that a defendant in a criminal proceeding is entitled to be represented by counsel of his own choosing so long as there is no need to appoint counsel for him because of inability on his part to pay for counsel. (People v Brandau, 189 NYS2d 818, mot for rearg den 191 NYS2d 97.) "It is likewise clear that 'Where * * * a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings’ (People v Price, 262 NY 410, 412; People v Koch, 299 NY 378, 381; see Powell v Alabama, 287 US 45, 53), without the express consent of the accused.” (People v Silverman, 3 NY2d 200, 202.) It appears to the court, therefore, that the foregoing authorities deprive it of the power to grant the motion here under consideration. The People have failed to cite any authority in support of the validity of its motion to relieve defendant Marrero’s counsel or supporting their contention that this court has power to take such action over the opposition of defendant and his privately retained counsel.
In matters of possible conflict of interest, just as in matters involving the question of whether a Judge should recuse himself from sitting in a particular case, the question of whether a particular attorney should step down in a particular case is one which must be left initially to the exercise of that attorney’s best judgment in the exercise of his duty to comply with the canons of ethics of the legal profession. See United States v Paz-Sierra (367 F2d 930, 932) where the United States Court of Appeals for the Second Circuit, dealing with an analogous problem, said "No facts have thus far been presented that the Bar of this country is so unmindful of the canons of ethics and its obligation to avoid positions of conflict as to call for a pre-trial cross-examination of defendants and their counsel on the theory, or even presumptuous presumption, that counsel will not be faithful to the best interests of their clients and when aware of any conflict of interest between clients jointly represented whether before or during trial will not disclose it to the court and seek appropriate relief.”
Hence, this motion is denied.